# Appellate Index Report

Report Generated on :    3/6/2013 2:46:58 PM

**Case Style:**   JOSE IRAHETA VS CORELOGIC   **Case Number:** 30C1300079
CREDCO INC., F/K/A FIRST
AMERICAN CREDCO INC



EXHIBIT A

| Number | Description | Filing Date |
|---|---|---|
| 1 | CASE INITIATION | 1/23/2013 8:28:11 AM |
| 2 | Receivable Created | 1/23/2013 8:28:11 AM |
| 3 | Folder Created Event | 1/23/2013 8:28:12 AM |
| 4 | JURY FEE | 1/24/2013 8:28:38 AM |
| 5 | ORIGINAL PETITION CIVIL | 1/24/2013 8:28:50 AM |
| 6 | JURY DEMAND | 1/24/2013 8:45:54 AM |
| 7 | Receipt Generated | 1/24/2013 9:10:16 AM |
| 8 | Receipt Generated | 1/24/2013 9:10:16 AM |
| 9 | CITATION PLTF PRIVATE PROCESS | 1/23/2013 12:22:06 PM |
| 10 | CASE LABEL CIVIL (INDIVIDUAL) | 1/29/2013 12:33:36 PM |
| 11 | Attorney Assigned | 2/21/2013 3:40:09 PM |
| 12 | Party Deleted | 2/21/2013 3:40:27 PM |
| 13 | Attorney Assigned | 2/21/2013 3:42:51 PM |
| 14 | ANSWER TO SUIT BY DEFENDANT | 2/21/2013 3:43:45 PM |
| 15 | SERVICE: RETURN OF SERVICE | 2/8/2013 9:51:17 AM |
| 16 | SCHEDULED CASE | 3/4/2013 9:43:27 AM |
| 17 | SETTING NOTICE | 3/4/2013 9:44:23 AM |
| 18 | ADDRESS LABEL (INDIVIDUAL) | 3/4/2013 9:46:23 AM |
| 19 | ADDRESS LABEL (INDIVIDUAL) | 3/4/2013 9:46:23 AM |
| 20 | AMENDED ANSWER TO SUIT | 3/4/2013 2:50:07 PM |

CAUSE NO. 30-C-13-00079

| | | |
|---|---|---|
| JOSE IRAHETA, | § | IN JUSTICE COURT |
| Plaintiff, | § | |
| v. | § | PRECINCT 3 |
| CORELOGIC CREDCO INC., F/K/A, FIRST AMERICAN CREDCO INC. | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant, Corelogic Credco Inc., f/k/a, First American Credco Inc. ("Corelogic") files this its amended Answer to Plaintiff's Original Petition, Request for Disclosure, Request for Admissions, First Interrogatories, and Requests for Production (the "Original Petition") and would respectfully show the Court the following:

### General Denial

1. Corelogic generally denies each of the allegations in Plaintiff's Original Petition and demands strict proof thereof.

### Affirmative Defense

2. Plaintiff's claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") fail, in whole or in part, because Plaintiff fails to state a claim upon which relief may be granted.

For the reason stated above, Corelogic requests that Plaintiff take nothing by his Original Petition, and for such other and further relief for which it may be entitled.

439161.1
DEFENDANT'S FIRST AMENDED ANSWER - Page 1

Respectfully submitted,

McGlinchey Stafford PLLC

By: /s/ Aimee G. Szygenda
Gregg D. Stevens
State Bar No. 19182500
Aimee G. Szygenda
State Bar No. 24027054
2711 N. Haskell Avenue,
Suite 2750, LB 25
Dallas, Texas 75204
Telephone: (214) 445-2410
Facsimile: (214) 445-2450

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via certified mail, return receipt requested to Plaintiff, Jose Iraheta at 4431 Nugget Peak, San Antonio, Texas 78259, on this the 4th day of March, 2013.

/s/ Aimee G. Szygenda
Aimee G. Szygenda



## NOTICE OF SETTING

CAUSE NO. 30C1300079

STYLED:   JOSE IRAHETA

VS.   CORELOGIC CREDCO INC., F/K/A FIRST AMERICAN CREDCO INC

YOU ARE HEREBY NOTIFIED THE ABOVE STYLED CAUSE IS SET FOR:
PRE-JURY TRIAL HEARING on: April 10th, 2013 , at 04:00 PM
At the Justice Of The Peace Court, Precinct 3
8918 Tesoro Drive, Suite 300, San Antonio, TX 78217   210-335-4700
FAILURE TO APPEAR AT THE EXACT TIME AND DATE ABOVE STATED MAY RESULT IN A 'DEFAULT JUDGMENT'
ENTERED AGAINST YOU.

CLERK OF THE COURT

DOC100



STICE OF THE PEACE, PREC. 3
18 Tesoro Drive #300
n Antonio, Texas 78217



30C1300079
JOSE IRAHETA
4431 NUGGET PEAK STREET
SAN ANTONIO, TEXAS 78249



JUSTICE OF THE PEACE, PREC. 3
8918 Tesoro Drive #300
San Antonio, Texas 78217



30C1300079
AIMEE L GUIDRY
2711 N HASKELL AVE
STE 2750 LB25
DALLAS, TEXAS 752042911

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Secretary of State

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

February 11, 2013

Jose D Iraheta
4431 Nugget Peak
San Antonio, TX 78259

2013-223391
Include reference number in
all correspondence

RE: Jose Iraheta VS Corelogis Credco Inc fka First American Credco Inc
Justice Court Precinct Three Bexar County Texas
Cause No: 30C1300079

Dear Sir/Madam:

Please find enclosed your Certificate(s) of Service for the case styled above.

If this office may be of further assistance to you, please do not hesitate to contact us.

Sincerely,

Venita Okpegbue

Venita Okpegbue
Service of Process

Enclosure



# The State of Texas
## Secretary of State

2013-223391-1

I, the undersigned, as Secretary of State of Texas DO HEREBY CERTIFY that according to the records of this office, a copy of the Citation and Plaintiff's Original Petition Request For Disclosure, Request For Admissions, First interrogatories and Request for Production in the cause styled:

Jose Iraheta VS Corelogis Credco Inc fka First American Credco Inc
Justice Court Precinct Three Bexar County Texas
Cause No: 30C1300079

was received by this office on February 4, 2013, and that a copy was forwarded on February 5, 2013, by CERTIFIED MAIL, return receipt requested to:

Corelogis Credco Inc fka American Credco Inc
12395 First American Way
Poway, CA 92064

The RETURN RECEIPT was received in this office dated February 8, 2013, bearing signature.



Date issued: February 11, 2013

John Steen
Secretary of State

CT/vo

CAUSE NO. 30-C-13-00079

| | | |
|---|---|---|
| JOSE IRAHETA, | § | IN JUSTICE COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT 3 |
| | § | |
| CORELOGIC CREDCO INC., F/K/A, | § | |
| FIRST AMERICAN CREDCO INC. | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, Corelogic Credco Inc., f/k/a, First American Credco Inc. ("Corelogic") files this its Answer to Plaintiff's Original Petition, Request for Disclosure, Request for Admissions, First Interrogatories, and Requests for Production (the "Original Petition") and would respectfully show the Court the following:

### General Denial

1.  Corelogic generally denies each of the allegations in Plaintiff's Original Petition and demands strict proof thereof.

For the reason stated above, Corelogic requests that Plaintiff take nothing by his Original Petition, and for such other and further relief for which it may be entitled.

Respectfully submitted,

McGlinchey Stafford PLLC

By: /s/ Aimee G. Szygenda
Gregg D. Stevens
State Bar No. 19182500
Aimee G. Szygenda
State Bar No. 24027054
2711 N. Haskell Avenue,
Suite 2750, LB 25
Dallas, Texas 75204
Telephone: (214) 445-2410
Facsimile: (214) 445-2450

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via certified mail, return receipt requested to Plaintiff, Jose Irabeta at 4431 Nugget Peak, San Antonio, Texas 78259, on this the 19th day of February, 2012.

Aimee G. Szygenda

+36 + any call

CAUSE NO.: 30C1300079

| | | |
|---|---|---|
| JOSE IRAHETA | § | IN THE JUSTICE OF THE PEACE COURT |
| PLAINTIFF, | § § § | |
| V. | § § | PRECINCT THREE |
| CORELOGIC CREDCO INC., F/K/A FIRST AMERICAN CREDCO INC. | § § § | |
| DEFENDANT, | § § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION**

COMES NOW JOSE IRAHETA hereinafter referred to as "Plaintiff", complaining of and about CORELOGIC CREDCO INC., F/K/A FIRST AMERICAN CREDCO INC., hereinafter referred to "CREDCO" and/or "Defendant", and for cause of action shows unto the Court the following:

I. DISCOVERY

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

II. PARTIES AND SERVICE

2. Plaintiff, JOSE D. IRAHETA, is an individual whose address is 4431 Nugget Peak Street, San Antonio, Bexar County, Texas 78249.

3. Defendant, CORELOGIC CREDCO INC., F/K/A FIRST AMERICAN CREDCO INC., is a foreign corporation conducting business in the state of Texas, with their principal office located 40 Pacifica, Suite 900, Irvine, CA 92618, and has failed to designate a Registered Agent for service of process. Defendant may be served by serving the Texas Secretary of State with forward to 12395 First American Way, Poway, CA 92064.

III. JURISDICTION AND VENUE

4. Pursuant to § 15.002 (a)(1) of the TEXAS CIV. PRAC. & REM. CODE, venue is proper in Bexar County because the events giving rise to the claim occurred in Bexar County and Defendant conducts significant business transactions in Bexar County.

5. The Court has jurisdiction over the amount in controversy because the damages sought are within the jurisdictional limits of the Court.

### IV. OBJECTION TO COURT ORDERED MEDIATION

6. Plaintiff hereby objects to any mediation ordered by the Court pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. Plaintiff was forced to file this civil suit in order to exercise Plaintiff's right to a trial so that a Jury can render judgment on the issues and grievances forming the basis of Plaintiff's Original Petition.

7. The Texas Constitution direct that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation shall have a remedy by due course of law." Tex. Const. art. I, § 13. A Court ordered mediation will not only deprive Plaintiff's right to a trial by Jury, but also be an unnecessary burden on Plaintiff. For these reasons, Plaintiff respectfully asks that the Honorable Court to not force a Court ordered mediation upon Plaintiff, and afford Plaintiff the opportunity to exercise Plaintiff's rights, and prosecute Plaintiff's claims and grievances against Defendants in a Jury trial.

### V. BACKGROUND FACTS

8. On, or about, December 27, 2012, Plaintiff notified CREDCO of dispute regarding inquiries, listed in paragraphs 9-11 below. Furthermore, Plaintiff advised CREDCO that my credit score had been negatively impacted and reduced by 18 points. Plaintiff also informed CREDCO that Plaintiff had not consented, nor given authorization, for said disputed inquiries.

9. On, or about, the following dates, CREDCO, did improperly, unlawfully, and without my authorization executed a hard inquiry, accessed, and obtained my consumer credit report as maintained by Equifax:

    a. November 15, 2012;
    b. November 21, 2012;
    c. December 5, 2012;
    d. December 10, 2012; and
    e. December 18, 2012.

10. On, or about the following dates, CREDCO did improperly, unlawfully, and without my authorization executed a hard Inquiry, accessed, and obtained my consumer credit report as maintained by Experian:

   a. November 15, 2012;
   b. November 21, 2012;
   c. December 5, 2012;
   d. December 10, 2012; and
   e. December 18, 2012.

11. On, or about, December 18, 2012, CREDCO did improperly, unlawfully, and without my authorization executed a hard Inquiry, accessed, and obtained my consumer credit report as maintained by TransUnion.

12. Even though Plaintiff notified CREDCO on December 27, 2012 of dispute as to the validity of the aforementioned inquiries, as of today CREDCO has failed to delete said hard inquiries and/or communicate to Experian, Equifax, or TransUnion any notice of such dispute, thus in violation of the Fair Credit Reporting Act "FCRA", to include but not limited to, 15 U.S.C. § 1681b, § 1681e, and § 1681i.

13. As a consequence of CREDCO's actions and FCRA violations, Plaintiff's credit score dropped 18 points on December 6, 2012, and Plaintiff's "Risk Level changed to Medium" from "Low", as reported by the credit bureaus.

## VI. FAIR CREDIT REPORTING ACT VIOLATIONS

14. Defendants' negligent and malicious actions were in violation of the Fair Credit Reporting Act "FCRA", 15 U.S.C. §§ 1681 et seq.

15. Plaintiff hereby incorporates all facts previously stated in paragraphs 7-12, above, herein by reference.

16. Plaintiff disputed Defendant's credit inquiries and requested that Defendant "remove, or take all actions necessary to remove, the credit Inquiries made by [Defendants] on" the dates listed in paragraph 7-12 above. Defendants failed to take undertake all the actions required under the FCRA. As of today, Defendants have refused to remove the credit inquiries and failed to report the inquiry as being disputed. Defendants' actions caused Plaintiff's credit score to decrease due to "the number of enquiries".

17. For the reasons stated in paragraphs 14-16 above, Plaintiff sues Defendant for willful, malicious, and continuing violations of the Texas Fair Credit Reporting Act, Tex. Bus. & Com Code § 20.05 et seq. and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## VII. DAMAGES

18. Plaintiff seeks damages in the amount of $10,000, in addition to any pre-judgment and post-judgment interest in accordance with Texas law.

## VIII. REQUEST FOR DISCLOSURES

19. Plaintiff requests that Defendant disclose within fifty (50) days of the service of this request, the information and materials described in Rule 194.2(a) through (k) of the Texas Rules of Civil Procedure.

20. Defendant is hereby given notice that any documents or other material, including electronically stored information and records, that may be evidence or relevant to any issue in the foregoing cause are to be preserved in their present form until the conclusion of this litigation.

## IX. REQUEST FOR ADMISSIONS

21. Please take notice that pursuant to Rules 198 of the Texas Rules of Civil Procedure, Plaintiff makes the following request for Admissions of Fact. Plaintiff requests that within 50 days after the service of these requests, Defendant, specifically admit or deny the facts requested as set forth on Exhibit "A". A failure to specifically answer any request, or an evasive answer to any request, will be taken as an admission of truth of such request.

## X. FIRST SET OF INTERROGATORIES

22. Please take notice that pursuant to Rule 192 AND 197 of the Texas Rules of Civil Procedure, Plaintiff serves the attached interrogatories to be propounded upon Defendants.

23. Plaintiff requests that within 50 days after the service of these requests, Defendant answer the interrogatories as set forth on Exhibit "B", separately, fully, in writing, and under oath if required by Rule 172.2(d) of the Texas Rules of Civil Procedure. Furthermore, demand is made for the

supplement of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

## XI. REQUEST FOR PRODUCTION

24. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant produce the information, documents, and things hereinafter designated on Exhibit "C" attached hereto. Plaintiff requests that within fifty (50) days after service of this Plaintiff Original Petition, Defendant serve upon Plaintiff a written response, accompanied by responsive documents and tangible things.

25. In the event a request is objected to, Defendant is to specifically state (a) the legal or factual basis for the objection, and (b) the extent to which Defendant refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is reasonable under the circumstances to do so before obtaining a ruling on the objection.

## XII. PRAYER

26. Plaintiff prays the Court, that upon conclusion of trial, enters judgment against Defendants, that he recover damages claimed above, his costs of suit, attorney's fees, pre-judgment and post-judgment interest, and for such other and further relief, special or general, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Jose D. Iraheta*

JOSE D. IRAHETA
4431 Nugget Peak
San Antonio, Texas 78259
210-833-7820

**PLAINTIFF, *PRO SE***

# EXHIBIT A

## REQUESTS FOR ADMISSION

1. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by TransUnion, on December 6, 2012.
2. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Equifax, on November 15, 2012.
3. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Equifax, on December November 21, 2012.
4. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Equifax, on December 5, 2012.
5. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Equifax, on December 10, 2012.
6. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Equifax, on December 18, 2012.
7. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Experian, on November 15, 2012.
8. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Experian, on December November 21, 2012.
9. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Experian, on December 5, 2012.
10. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Experian, on December 10, 2012.
11. Admit that CREDCO requested Plaintiff's consumer credit report, maintained by Experian, on December 18, 2012.
12. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by TransUnion, on December 6, 2012.
13. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Equifax, on November 15, 2012.
14. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Equifax, on December November 21, 2012.
15. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Equifax, on December 5, 2012.
16. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Equifax, on December 10, 2012.
17. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Equifax, on December 18, 2012.
18. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Experian, on November 15, 2012.
19. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Experian, on December November 21, 2012.
20. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Experian, on December 5, 2012.
21. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Experian, on December 10, 2012.
22. Admit that CREDCO did not have Plaintiff's authorization to request Plaintiff's consumer credit report, maintained by Experian, on December 18, 2012.
23. Admit that CREDCO did not remove the credit inquiries forming the basis of this suit, as requested by Plaintiffs on December 27, 2012, via telephone.
24. Admit that CREDCO did not remove the credit inquiries forming the basis of this suit, as requested by Plaintiffs letter dated December 27, 2012.
25. Admit that CREDCO was advised by Plaintiff on December 27, 2012, that Plaintiff's score had dropped 18 points due to CREDCO's credit inquiries.

# EXHIBIT B

## FIRST SET OF INTERROGATORIES

1. Please identify each person providing information used in answering these interrogatories and specify which interrogatories each person assisted in answering.

ANSWER:

2. Please identify each person with knowledge of facts relevant to any issue in this lawsuit. Including, but not limited to the events, transactions, claims, damages, and/or defenses at issue. For each person identified, please state with specificity what particular knowledge each such person possesses that is relevant to any issue, including claims and defenses, in this lawsuit, to include all counter-claims, cross-claims, and third-party claims.

ANSWER:

3. Please identify CREDCO's employee with whom Plaintiff spoke via telephone on December 27, 2012.

ANSWER:

4. Please identify the individual involved in processing Plaintiff's letter dated 12/27/2012, regarding Plaintiff's dispute, and request for removal, of the credit inquiries forming the basis of Plaintiff's complaint.

ANSWER:

5. Please provide a detailed narrative of the actions taken by Defendants to act on Plaintiff's request for the removal of the credit inquiries referenced in Plaintiff's correspondence dated December 27, 2012.

ANSWER:

6. Please provide the name, address, phone number, and employee identification number of each individual who executed each of the following hard inquiries, accessed and obtained Plaintiff's consumer credit report as maintained by Equifax:

   a. November 15, 2012;
   b. November 21, 2012;
   c. December 5, 2012;
   d. December 10, 2012; and
   e. December 18, 2012.

ANSWER:

7. Please provide name, address, phone number, and employee identification number of each individual who executed each of the following hard inquiries, accessed, and obtained Plantiff's consumer credit report as maintained by Experian:

   a. November 15, 2012;
   b. November 21, 2012;
   c. December 5, 2012;
   d. December 10, 2012; and
   e. December 18, 2012.

8. Please provide the name, address, phone number, and employee identification number of the individual who on December 6, 2012, executed a hard inquiry, accessed, and obtained Plaintiff's consumer credit report as maintained by TransUnion.

ANSWER:

9. Please provide the name, address, phone number, of every individual that has previously contacted you regarding the credit inquiries forming the basis of this lawsuit.

ANSWER:

10. Please identify each occurrence since 2010 that CREDCO requested Plaintiff's consumer credit report, and/or information, from Equifax, TransUnion, and/or Experian.

ANSWER:

11. Please identify all documents referenced, and/or utilized, in answering interrogatories 1-10 above.

ANSWER:

# EXHIBIT C

## REQUEST FOR PRODUCTION

**I. DEFINITIONS AND INSTRUCTIONS**

    1. The terms used herein are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the request itself. This includes, without limitation, the following:

    (a) construing "and" and "or" in the disjunctive or conjunctive as necessary to make the request more inclusive;

    (b) construing the singular form of a word to include the plural and the plural to include the singular;

    (c) construing the term "relationship" to include any connection between the persons or entities identified or described, including contractual, quasi-contractual, marital, familial, fiduciary, official or otherwise, in any manner relating to the activities of any such person or entity.

    2. The words "you" and "your" shall refer to Defendant, CORELOGIC CREDCO INC., and/or FIRST AMERICAN CREDCO INC., hereinafter referred to as "CREDCO", all of their elected officials, officers, employees, and all attorneys, agents, dependent and independent contractors, accountants, representatives, and other natural persons or business, subdivisions, offices, departments, or legal entities acting or purporting to act for or on behalf of CREDCO whether authorized to do so or not.

    3. The words "me" and/or "Plaintiff", as used herein, shall refer to Plaintiff, Jose Iraheta.

    4. For all documents and things which you withhold under any privilege asserted, to include attorney work product privilege, as defined Tex. R. Civ. P. Rule 192.5, please produce a privilege log as required under Tex. R. Civ. P. Rule 193.2(b).

    5. "Your possession, custody, or control", in accordance with Tex. R. Civ. P. Rule 192.7 a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item. It shall include all documents and things in the possession or custody of your attorneys, accountants, independent contractors, agents, investigators, consultants, advisors, or employees of your attorneys, you or any of your agents, investigators, advisors, or employees, and any other person acting on your behalf. For any document withheld

    6. The terms "document(s)" or "documentary evidence", as used herein, shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes and illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other record of obligations and expenditures; books; brochures; bulletins; calendars; cancelled checks, vouchers, receipts and other records of payment; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printer matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advise, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions;

summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received, transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

7. The term "things" shall include all tangible items or other evidence, or intangible information kept or stored on tangible things or devices, including but not limited to computer hard drives, diskettes, tapes, or other storage devices, and backups of information, including but not limited to tape backups, backup diskettes, compress

8. The term "person" or "persons" means natural persons, corporations, partnerships, associations, joint ventures, and all other incorporated or unincorporated entities, governmental or quasi-governmental agencies, public, social or legal entities. A reference to any person shall include, where applicable, its division, subdivisions, controlling persons, officers, employees, agents or other persons acting or purporting to act on its behalf or under color of its authority.

9. The term "communication(s)" means any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, facsimile transmissions, "e-mail" or other electronic transmissions of information or communications, telegrams, telexes, or by any document, and any oral contact by such means as face to face meetings or conversations and telephone or electronically transmitted conversations.

10. The term "identify" with respect to documents means to describe the document or documents by date, subject matter, name(s) of person who wrote, signed, initiated, dictated or otherwise participated in the creation of same, including the name(s) and addresses of all persons in possession, custody or control of said document or documents, and state the full contents thereof. In lieu of providing all such information, you may attach true, correct, and complete copies of all such documents to your responses, if you specifically identify the request and any subpart thereof to which each relates. With respect to those documents which have already been produced by you, you may identify them by Bates number. If any such document was, but is no longer in your possession, custody or control, or in existence, state the type of document, its contents, the date and the manner of its disposition as well as the identity of any person(s) authorizing its disposition or destruction.

11. "Identify" when used in reference to a document you claim is privileged, and therefore refuse to produce, means to state: the type of document, e.g., letter, memorandum, chart, photograph, report, etc.; the date of such document; its author(s) and the author's position and present location; the identity, location, and title of each person whom you have any reason to believe was sent a copy of the privileged document or has otherwise had access to and/or viewed it; the specific request and subpart thereof to which the document relates; and if the document relates in any way to a meeting or other conversation or communication, the identity of all participants in and witnesses to the meeting, etc. Finally, state the basis for the privilege, the identity of the person or entity asserting the privilege and the exact privilege(s) claimed.

12. These requests are continuing in nature, and to the extent required by the Texas Rules of Civil Procedure and applicable case law, require supplemental responses in the event that you or your attorney become aware of further information between the time your answers are filed and the time of trial of this cause.

13. The relevant time period is from January 1, 2010, up to and including the date of production of documents and tangible things requested herein.

## II. DOCUMENTS AND THINGS TO BE PRODUCED

1. All correspondence and communications related, and/or subsequent, to Plaintiff's letter to you dated December 27, 2012.
2. All correspondence and communications related, and/or subsequent, to Plaintiff's telephone conversation with you on December 27, 2012.
3. All correspondence, documents, and communication related to me between you and LSI Mortgage Plus, Lending Solutions, and/or LSI Mortgage.
4. All documents related to Plaintiff's consumer credit reports, individual and consolidated, provided by you to any entity during the relevant time period.

5. All correspondence between you and Equifax, Experian, and/or TransUnion regarding Plaintiff, and/or Plaintiff's consumer credit files and/or information.
6. All documents and tangible things responsive to Interrogatory Number 11.